T.C. Summary Opinion 2002-125

UNITED STATES TAX COURT

RICHARD S. AND MARY L. GARCIA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13479-00S.                    Filed October 3, 2002.

Richard S. and Mary L. Garcia, pro se.

<u>Natasha V. Chevalier</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $5,607 in Federal income tax and the 10-percent additional tax under section 72(t) for an early distribution from a qualified retirement plan with respect to petitioners' 1997 tax year. After concessions by the parties, the sole issue for decision is whether, under section 6402, respondent properly credited a payment by petitioners to their 1996 tax year instead of 1997 as contended by petitioners.[2]

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are made part hereof. Petitioners' legal residence at the time the petition was filed was Irving, Texas.

Petitioners' 1997 joint income tax return reflected total tax payments of $7,500, a tax liability of $3,009, and an overpayment of $4,491. At trial, respondent conceded that petitioners had made one additional payment of $582 on their 1997

---

[2] Respondent conceded an unreported interest income adjustment of $211, an unreported pension and annuity income adjustment of $97.44, and the 10-percent additional tax under sec. 72(t). Respondent also conceded petitioners' entitlement to a trade or business expense deduction of $627 attributable to a self-employed activity of Mrs. Garcia. Petitioners conceded their liability for self-employment taxes on the net income from Mrs. Garcia's trade or business activity, and respondent conceded petitioners' entitlement to a deduction for one-half of the self-employment tax under sec. 164(f). Petitioners further conceded that the Social Security benefits paid to Mr. Garcia during 1997 totaled $11,385 instead of $10,740 reported on their return. Finally, respondent conceded petitioners' entitlement to an additional dependency exemption for their daughter, which they had not claimed on their return.

taxes.  Thus, petitioners' tax payments for 1997 totaled $8,082.
At trial, petitioners contended their payments for 1997 taxes
totaled $10,082, evidenced by the following payments:

$ 2,000   By check dated Feb. 8, 1997
  2,000   By check dated May 15, 1997
  2,000   By check dated July 2, 1997
  2,000   By check dated Dec. 3, 1997
  1,500   By check dated Mar. 11, 1998
    582   By bank money order dated Dec. 23, 1999
$10,082   Total

Respondent agreed that the payments shown above were in fact
made by petitioners and credited to their tax account.  However,
the first payment shown above, for $2,000 by check dated Feb. 8,
1997, was credited to petitioners' 1996 taxes; thus, the payments
credited to petitioners' 1997 taxes totaled $8,082.  Petitioners'
position is that the $2,000 payment on Feb. 8, 1997, should have
been credited to their 1997 tax account instead of 1996.

The $2,000 check dated Feb. 8, 1997, did not bear any
notation to indicate the tax year to which the payment was to be
applied or credited, nor was the check accompanied by a voucher
or cover letter requesting or directing that the check be
credited to a specific tax year.

Under section 6402, the Commissioner is expressly authorized
to credit the amount of an overpayment against any tax liability
of the taxpayer.  Sec. 6402(a).  Section 6512(b) generally
defines this Court's jurisdiction to determine overpayments.

Paragraph (4) of that section serves to deny jurisdiction to this Court "to restrain or review any credit or reduction made by the Secretary under section 6402." Sec. 6512(b)(4).[3] Respondent credited the $2,000 payment at issue to petitioners' 1996 taxes. At the time of the payment, there were no instructions from petitioners to the contrary. Section 6512(b)(4) clearly restricts the jurisdiction of this Court to consider petitioners' contention that this credit should have been made to their 1997 taxes because to do so would constitute the review of a credit under section 6402. The Court, therefore, cannot consider petitioners' claim that the payment at issue should have been credited to their 1997 taxes. Petitioners, therefore, paid $8,082 on their 1997 tax liability, and the Court so holds.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered
under Rule 155.

---

[3] Sec. 6512(b)(4) was added by the Taxpayer Relief Act of 1997 (TRA 1997), Pub. L. 105-34, sec. 1451(b), 111 Stat. 788, 1054. Sec. 6512(b)(4) became effective on Aug. 5, 1997, TRA 1997 sec. 1451(c), 111 Stat. 1054, and is therefore applicable to this case.